**DOLL AMIR & ELEY LLP**
HUNTER R. ELEY (SBN 224321)
heley@dollamir.com
CHELSEA L. DIAZ (SBN 271859)
cdiaz@dollamir.com
1888 Century Park East, Suite 1850
Los Angeles, California 90067
Tel: 310.557.9100
Fax: 310.557.9101

Attorneys for Defendant
CAPITAL ONE, N.A.,
erroneously sued as
Capital One (USA), N.A.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTY FREYWALD, an individual,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>CAPITAL ONE (USA) N.A., and DOES 1-50, inclusive,<br><br>　　　　　Defendants. | Case No.<br><br>**DEFENDANT'S NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA UNDER 28 U.S.C. § 1441(a), 28 U.S.C. §1331 (FEDERAL QUESTION) and 28 U.S.C. § 1367(a) (SUPPLEMENTAL JURISDICTION)**<br><br>[*Filed concurrently with Civil Cover Sheet and Notice of Interested Parties*]<br><br>[Ventura County Superior Court Case No. 56-2014-00450953-CU-PO-VTA]<br><br>FAC Filed:　　April 10, 2014<br>Trial Date:　　TBD |

**TO THE CLERK OF THE ABOVE-CAPTIONED COURT AND ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** defendant Capital One, N.A., erroneously sued as Capital One (USA), N.A., ("Capital One") hereby invokes this Court's jurisdiction under the provisions of 28 U.S.C. § 1441(a), 28 U.S.C. § 1331 and 28 U.S.C. § 1367(a), and removes this action from state court to federal court pursuant to 28 U.S.C. § 1446(b).

**A.   JURISDICTION**

1.   Capital One specifically alleges that this Court has federal question jurisdiction over this action pursuant to 28 U.S.C. §§ 1441(a) and § 1331 because Plaintiff Marty Freywald ("Plaintiff") commenced an action in the Superior Court of California for the County of Ventura styled *Freywald v. Capital One (USA) N.A.*, Case No. 56-2014-00450953-CU-PO-VTA ("State Court Action"), alleging a cause of action arising under the federal Telephone Consumer Protection Act ("TCPA"), codified at 47 U.S.C. § 227, which is a law of the United States.  Further, the Court has supplemental jurisdiction over the state law causes of action alleged in the First Amended Complaint pursuant to 28 U.S.C. § 1367(a).

**B.   STATEMENT OF THE CASE**

2.   On March 26, 2014, Plaintiff filed a Complaint in the Superior Court of California for the County of Ventura, thereby commencing the State Court Action. Shortly thereafter, on April 10, 2014, Plaintiff filed a First Amended Complaint ("FAC") in the State Court Action.

3.   On May 30, 2014, Plaintiff's counsel sent counsel for Capital One a Notice of Acknowledgement and Receipt, which counsel for Capital One executed and returned to Plaintiff's counsel on June 2, 2014.  While Plaintiff's counsel initially sent the Notice to Capital One with a version of the FAC that did not include all relevant pages, Capital One subsequently received a full and complete copy of the FAC and confirmed with Plaintiff's counsel that the Notice executed on June 2, 2014

would constitute effective service of the full and complete FAC. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of all process, pleadings and orders served upon Capital One in this case is attached hereto as *Exhibit A*, which includes copies of the original Complaint and the current operative complaint identified as the FAC, as well as the executed Notice of Acknowledgement and Receipt and e-mail confirming service of the full and complete FAC.

4.   Plaintiff asserts four causes of action in his FAC against Capital One. Those causes of action include: (1) violations of the California Fair Debt Collection Practices Act ("Rosenthal Act"), codified at Cal. Civ. Code § 1788, *et seq.*; (2) Intrusion on Seclusion; (3) Negligence; and (4) violations of the TCPA.

**C.    BASIS FOR REMOVAL**

5.   This Court has jurisdiction over this Action pursuant to 28 U.S.C. § 1331 because Plaintiff alleges a TCPA cause of action, which is a law of the United States.

6.   Specifically, Plaintiff's FAC alleges that Capital One has violated the federal TCPA by using an "automatic telephone dialing system" to telephone Plaintiff without his consent. *See* FAC, ¶ 32. Therefore, adjudication of Plaintiff's Complaint requires an analysis and construction of federal law. Thus, this Action is one which may be removed to this Court by Capital One pursuant to 28 U.S.C. § 1441(a) and § 1331 because this Court would have had original jurisdiction founded on Plaintiff's claims arising under the TCPA.

7.   Additionally, this Court has supplemental jurisdiction over the remaining state law claims, because they "form part of the same case or controversy." 28 U.S.C. § 1367(a). A state claim is part of the same case or controversy if it shares a "common nucleus of operative fact" with the federal claim, and if they would normally be tried together. *See, e.g., Trustees of the Constr. Indus. & Laborers Health & Welfare Trust v. Desert Valley Landscape Maint., Inc.,* 333 F. 3d 923, 925 (9th Cir. 2003). The facts related to Plaintiff's state law claims are intertwined with and based upon Plaintiff's allegations of wrongdoing under the federal claim arising

under the TCPA. Specifically, like Plaintiff's claims arising under the TCPA, the state law causes of action involve Plaintiff's allegation that Capital One made improper debt collection calls to Plaintiff. The Court should therefore extend supplemental jurisdiction over each of Plaintiff's state law claims.

**D.  ALL PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED.**

8.  <u>Removal is timely</u>. Removal of this action is timely. As set forth on the Notice, service is deemed complete on the day the Notice is signed. Here, the Notice was received by Capital One on May 30, 2014 and executed on Capital One's behalf on June 2, 2014. Therefore, this Notice of Removal is "filed within thirty [30] days after receipt by the defendant, through service . . . of a copy of [Plaintiff's Summons and FAC]" in accordance with the time period mandated by 28 U.S.C. §1446(b).

9.  <u>No Consent Necessary</u>. Capital One is the only named defendant in the FAC and, therefore, no consent of additional parties is required.

10. <u>Removal to Proper Court</u>. Venue lies in the United States District Court for the Central District of California pursuant to 28 U.S.C. §1441(a) because the Action was filed in this District.

11. <u>Pleadings and Process</u>. As stated above, pursuant to 28 U.S.C. § 1446(a), a true and correct copy of all process, pleadings and orders received by Capital One in the State Court Action are attached hereto as *Exhibit A*.

12. <u>Notice</u>. Written notice of the filing of this Notice of Removal will be promptly served upon Plaintiff. Capital One will also promptly file a copy of this Notice with the Clerk of the Superior Court of California, County of Ventura.

**E.  CONCLUSION**

13. By this Notice of Removal and the associated attachments, Capital One does not waive any objections it may have as to service, jurisdiction or venue, or any other defenses or objections it may have to this action. Capital One intends no admission of fact, law or liability by this Notice, and it expressly reserves all defenses,

1  motions and/or pleas.  Capital One prays that the State Court Action now pending
2  against it in the Superior Court of the State of California, County of Ventura be
3  removed therefrom to this Court.

5  DATED:  June 27, 2014             **DOLL AMIR & ELEY LLP**

7                                    By: /s/ *Chelsea L. Daiz*
8                                        Chelsea L. Diaz
                                         Attorneys for Defendant
9                                        CAPITAL ONE, N.A., erroneously sued as
                                         Capital One (USA), N.A.