Andre L. Verdun (SBN 265436)
William Jarrell (SBN 290271)
Attorney at Law
**CROWLEY LAW GROUP**
401 West "A" Street, Ste. 925
San Diego, CA 92101
Tel. (619) 238-5700
Fax. (866) 786-6993
AndreVerdun@CrowleyLawGroup.com
WillJarrell@CrowleyLawGroup.com

Attorneys for Plaintiff
MARTY FREYWALD

VENTURA
SUPERIOR COURT
FILED
MAR 26 2014
MICHAEL D. PLANET
Executive Officer and Clerk
BY: _____ Deputy
Ina Muckey

## IN THE SUPERIOR COURT OF CALIFORNIA,
## COUNTY OF VENTURA, MAIN BRANCH

| | |
|---|---|
| MARTY FREYWALD, an individual, <br><br> Plaintiff, <br><br> vs. <br><br> CAPITAL ONE, and DOES 1-50, inclusive, <br><br> Defendants. | Case #: 56-2014-00450953-CU-PO-VTA <br><br> (Unlimited Civil Case) <br><br> **COMPLAINT FOR DAMAGES** <br><br> **DEMAND FOR A JURY TRIAL** |

### INTRODUCTION

1. CAPITAL ONE ("Defendant") illegally and knowingly called MARTY FREYWALD ("Plaintiff"), a consumer, on several occasions attempting to collect a debt which Mr. FREYWALD informed CAPITAL ONE he could not pay and requested that CAPITAL ONE cease calling.

2. All incoming telephone calls from CAPITAL ONE to Mr. FREYWALD after Mr. FREYWALD told CAPITAL ONE he could not pay and to cease calling constitute

-1-
COMPLAINT FOR DAMAGES

violations of the California Rosenthal Act and the federal Fair Debt Collections Practices Act (incorporated into the Rosenthal Act under 1788.17).

3. CAPITAL ONE is a U.S.-based bank holding company specializing in credit cards, home loans, auto loans, as well as banking and savings products. In conjunction with these various operations, CAPITAL ONE also acts as a debt collector.

4. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices in the collection of consumer debts.1

## PARTIES

5. Plaintiff, MARTY FREYWALD ("Plaintiff") is, and at all times herein mentioned was, a natural person who resides in the City of Ventura, County of Ventura, State of California. He is a "person" as defined by and protected under California Civil Code 1788.2(g).

6. CAPITAL ONE ("Defendant") is, and at all times herein mentioned was, on information and belief, a corporation which lawfully conducts business in the State of California. Defendant is a debt collector as defined by California Civil Code 1788.2(c).

7. The true names and capacities, whether individual, corporate, associate, or otherwise, of defendants DOES 1-50 inclusive, are unknown to plaintiff who, therefore, sues said defendants by such fictitious names. Plaintiff will amend this complaint to show their true names and capacities when ascertained. Plaintiff is informed and

---

[1] Cal. Civ. Code 1788.1 (a)-(b)

-2-
COMPLAINT FOR DAMAGES

believes, and thereon alleges, that each of said defendants is responsible in some manner for the events and happenings, and proximately caused the injuries and damages, hereinafter alleged.

## JURISDICTION

8. The Superior Court of the State of California has jurisdiction over this action pursuant to California Constitution Article VI, Section 10, which grants the Superior Court "original jurisdiction in all cases except those given by statute to other trial courts."

9. This Court has jurisdiction over this action pursuant to Code of Civil Procedure § 410.10.

10. Pursuant to California Code of Civil Procedure, § 410.10 this Court has jurisdiction over Defendant because Defendant is a person/entity having sufficient minimum contacts with the state of California so as to render the exercise of jurisdiction over the defendant by the California courts consistent with traditional notions of fair play and substantial justice.

## VENUE

11. Venue is proper in the Ventura County Superior Court pursuant to California Code of Civil Procedure § 395.5 because one or more of the violations in the Complaint, as herein alleged against the Defendant, emanated from Ventura County, California.

## FACTUAL ALLEGATIONS

12. Plaintiff is alleged to formally owe a debt to Defendant.

13. On or about April 30, 2013, Defendant called Plaintiff's cellular telephone while Plaintiff was at work in an attempt to collect the alleged debt formally owed by Plaintiff, and Plaintiff answered the phone.

14. During the initial call from Defendant to Plaintiff on or about April 30, 2013, Plaintiff told Defendant's representative not to call Plaintiff, not to call Plaintiff while he is at work, and he could not pay the debt.

15. Thereafter, on or about April 30, 2013, Defendant called Plaintiff's cellular telephone while Plaintiff was at work on five separate occasions within a two-hour period.

16. Plaintiff alleges on information and belief that Defendant made perhaps as many as 100 phone calls to Plaintiff after the time he demanded Defendant to stop calling. Many of those telephone calls were placed to his cellular phone using an automated dialing system.

## FIRST CAUSE OF ACTION

*(California Civil Code 1788)*

1. Plaintiff reaffirms and re-alleges paragraphs above herein as if specifically set forth more fully herein below.

2. Defendant is included in the class of entities whose debt collection activities are regulated under California Civil Code section 1788 et seq, as defined by California Civil Code § 1788.2(c).

3. Plaintiff is a "person" as defined by California Civil Code § 1788.2(g).

4. Plaintiff is a "debtor" as defined by California Civil Code § 1788.2(h).

5. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer transaction. As such, this action arises out of a "consumer debt" as those terms are defined by California Civil Code § 1788.2(f).

6. Defendants acts and omissions violated California Civil Code § 1788 et seq, the Rosenthal Fair Debt Collection Practices Act, including, but not limited to the below activity:

    a. Defendants violated 1788.11(d) by calling Plaintiff repeatedly and continuously.

b. Defendants violated 1788.11(e) by communicating by telephone with Plaintiff in such frequency as to be unreasonable and to constitute harassment to the Plaintiff under the circumstances.

c. Defendants violated § 1788.17 by engaging in conduct the natural consequence which is to abuse or harass (including causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number); using unfair or unconscionable practices in an attempt to collect a debt.

7. Plaintiff is entitled to statutory damages, actual damages and attorney fees and cost of suit.

8. Plaintiff suffered actual damages and emotional distress as describe above.

## SECOND CAUSE OF ACTION

(Intrusion on Seclusion)

9. Plaintiff repeats, re-alleges, and incorporates by reference all of the paragraphs above as though fully stated herein.

10. The foregoing acts of Defendant as described herein constitute an invasion of the Plaintiff's privacy and an intrusion upon right of seclusion.

11. Plaintiff has a common law right to, and a reasonable expectation of, privacy in his home and place of employment, and in regard to his private affairs.

12. Defendant's abusive and improper collection practices in the collection of this debt constituted a substantial invasion upon Plaintiff's seclusion and privacy, and would be highly offensive to a reasonable person.

13. Defendant intended to cause emotional distress, and/or engaged in reckless disregard of the probability of causing Plaintiff's emotional distress.

14. As a proximate result of Defendant's conduct, Plaintiff has suffered damages in an amount to be determined by proof and a finder of fact at trial.

-5-
COMPLAINT FOR DAMAGES

15. Defendant acted with oppression, fraud, and/or malice, thereby entitling Plaintiff to punitive damages in an amount according to proof and a finder of fact at trial.

### THIRD CAUSE OF ACTION

(Negligence)

16. Plaintiff repeats, re-alleges, and incorporates by reference all of the paragraphs above as though fully stated herein.

17. Defendant's outrageous, abusive and intrusive acts as described herein constituted negligent infliction of emotional distress.

18. Plaintiff suffered (1) serious emotional distress, (2) actually and proximately caused by (3) wrongful conduct (4) by a defendant who should have foreseen that the conduct would cause such distress.

19. Defendant's conduct as described herein was wrongful conduct in that the Defendant conducted its business in an abusive, oppressive, and harassing manner.

20. Defendant 's actions and omissions as described herein constitute negligence in that Defendants owed Plaintiff a duty of reasonable care in the collection of the alleged debt, the use of the telephone in an attempt to collect such debts, said duties were breached, and said breach was the proximate and actual cause of damages suffered by Plaintiff.

21. Defendant owed a duty to refrain from outrageous and unlawful telephone calls in connection with their attempts to collect a debt.

22. Defendant's actions and omissions demonstrate a conscious disregard of the rights and safety of others, and constitute despicable conduct that subject Plaintiff to cruel and unjust hardship in conscious disregard of his rights.

23. Plaintiff suffered damages due to Defendant's actions in an amount to be determined at trial.

24. Plaintiff is entitled to punitive damages for the actions and omissions of the Defendant as described herein.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendants as follows:

i. Statutory damages pursuant to Cal. Civil Code § 1788.30(b) and Civil Code 1788.17.

ii. Actual damages according to proof pursuant to Cal. Civil Code § 1788 and 1788.17, as well as common law;

iii. Actual damages;

iv. Punitive damages;

v. Attorneys' fees and costs

vi. Such other and further relief that may be just and proper.

Dated: **March 25, 2014**

_____
Andre Verdun,
Attorney for Plaintiff
MARTY FREYWALD

## DEMAND FOR JURY TRIAL

**NOW COMES** Plaintiff, MARTY FREYWALD, by and through his attorney, Andre L. Verdun and hereby demands a trial by jury in the above-captioned matter.

Dated: **March 25, 2014**

_____
Andre Verdun,
Attorney for Plaintiff
MARTY FREYWALD